## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-Civ-23530-COOKE/TORRES

INGO KUMBRINK, an individual,

     Plaintiff,

vs.

THE HYGENIC CORPORATION,

     Defendant.

_____/

### ORDER ON MOTION TO DISMISS

Plaintiff Ingo Kumbrink brings this trademark infringement action against Defendant The Hygenic Corporation. Defendant has filed a Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 14) for lack of jurisdiction, improper venue, and failure to state a claim. I have reviewed the arguments, the record, and the relevant legal authorities. Defendant's Motion is granted in part and denied in part, and this case will transfer to the Northern District of Ohio.

### I.  BACKGROUND

Plaintiff, a German national named Ingo Kumbrink ("Plaintiff" or "Kumbrink"), is the owner of the U.S trademarks K-TAPE and K-TAPING.[1] These trademarks protect Kumbrink's brand of Kinesiology Therapeutic Tape, an elastic sports tape designed to provide pain relief and support for muscles, joints, and tendon-related aches and pains. These trademarks, Kumbrink alleges, have become widely recognized by consumers in connection with his products.

Defendant, The Hygenic Corporation ("Defendant" or "Hygenic"), is a company incorporated in Delaware, based in Ohio, and known for its rubber sheeting and tubing products. Kumbrink alleges that Hygenic infringed on his trademarks by incorporating the K-TAPE mark into the selling of Humbrink's own kinesthetic tape under the brand name

---

[1] Hygenic filed a Request for Judicial Notice (ECF No. 35) regarding the validity of Kumbrink's trademarks in light of the U.S. Patent and Trademark Office's recent rejection of one of his marks. Because I believe transfer is appropriate in this case, Hygenic may renew its request once this matter is before the transferee court.

Thera-Band at its website, www.therabandktape.com. Kumbrink argues Hygenic's use of the marks is likely to cause confusion about the affiliation between he and Hygenic.

Accordingly, Kumbrink filed a six-count complaint against Hygenic, alleging trademark infringement, injury to business reputation and dilution, common law trademark infringement, a violation of the Florida Unfair and Deceptive Trade Practices Act, and cyber piracy. In response, Hygenic filed this motion to dismiss based on lack of jurisdiction, improper venue, and failure to state a claim.

## II. LEGAL STANDARDS

### A.   Personal Jurisdiction

A district court uses a two-step inquiry to determine whether personal jurisdiction exists. *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). First, the exercise of jurisdiction must be appropriate under the state's long-arm statute. *Id.* Second, the exercise of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.*

"The plaintiff bears the burden of making out a prima facie case for personal jurisdiction by presenting sufficient evidence to withstand a directed verdict motion." *Id.* A defendant doubting personal jurisdiction must present evidence to challenge it. *Id.* Once the defendant has presented sufficient evidence, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Id.*

### B.   Venue

A party may seek to dismiss a case based on improper venue. Fed. R. Civ. P. 12(b)(3). The general venue statute governs venue for trademark infringement claims. 28 U.S.C. § 1391(b). A trademark infringement claim is properly brought in a judicial district where a defendant resides, or in a judicial district where a substantial part of the events giving rise to the cause of action occurred. *Id.* For purposes of Section 1391(b), entities are residents of "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2).

Like other civil cases, 28 U.S.C § 1404(a) governs change of venue in intellectual property cases. *In re TS Tech USA Corp.,* 551 F.3d 1315, 1319 (Fed. Cir. 2008). Courts engage in a two-step analysis under Section 1404(a) to determine whether transfer is proper. First, courts surmise whether the action could have been brought in the venue in which

transfer is sought. Second, courts assess whether convenience and the interests of justice require transfer to the requested forum. *See Thermal Techs., Inc.,* 282 F. Supp. 2d 1373, 1376 (S.D.Fla.2003); *Jewelmasters, Inc. v. May Dep't Stores,* 840 F. Supp. 893, 894–95 (S.D.Fla.1993) (citing *Continental Grain Co. v. The Barge FBL–585,* 364 U.S. 19 (1960)).

### III. ANALYSIS

A.    Personal Jurisdiction

   *1. Long-Arm Statute*

Florida's long-arm statute provides for both general and specific personal jurisdiction. *See* Fla. Stat. § 48.193(1) – (2). General personal jurisdiction exists when a defendant "is engaged in substantial and not isolated activity within this state . . . whether or not the claim arises from that activity." *Id.* § 48.193(2); *see also Oldfield v. Pueblo De Bahia Lora, S.A.,* 558 F.3d 1210, 1221 (11th Cir. 2009). On the other hand, specific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida. *See id.* § 48.193(1)(a). Plaintiff here relies on the section of Florida's long-arm statute that triggers personal jurisdiction for persons "[c]omitting a tortious act in [Florida]." *Id.* § 48.193(1)(a)(2).

For personal jurisdiction to attach under the "tortious act" subsection of Florida's long-arm statute, a plaintiff must show the defendant's tort caused injury inside the state. *Licciardello v. Lovelady,* 544 F.3d 1280, 1283 (11th Cir. 2008). The defendant's physical presence in Florida is not required; "the nonresident defendant's telephonic, electronic, or written communications into Florida" may be sufficient so long as the cause of action arises from these communications. *Wendt v. Horowitz,* 822 So. 2d 1252, 1260 (Fla. 2002). Placing material on the Internet that is accessible in Florida constitutes an electronic communication into the state. *See Internet Sols. Corp.*, 39 So. 3d at 1214.

Here, Defendant's website was not only accessible in Florida, but Florida residents were able to purchase the alleged infringing product on it. Therefore, Defendant's alleged tort caused injury inside Florida, and this Court has long-arm jurisdiction pursuant to Fla. Stat. § 48.193(1)(a)(2). *Cf. Licciardell*, 544 F.3d 1283 – 84 (holding the alleged trademark infringement present on a music manager's website, created in Tennessee, fell within Florida's long-arm statute since the website was accessible in Florida).

3

*2. Due Process*

Courts apply a three-part test to determine whether personal jurisdiction over a defendant conforms with the Fourteenth Amendment's Due Process Clause. Specifically, a court examines whether a plaintiff's claims are related to a defendant's contacts with the forum state, whether the defendant purposefully availed himself to the forum state, and whether personal jurisdiction violates basic fairness and justice. Applying these three prongs here, I find personal jurisdiction over Defendant comports with due process.

**a. Prong One: Relatedness**

In order for specific personal jurisdiction to attach, a plaintiff's claim must arise out of or relate to at least one of the defendant's contacts with the forum. *Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1355 (11th Cir. 2013). At a minimum, a plaintiff must show that the defendant had some contact with the forum state, and that the contact was a but-for cause of the alleged tort. *Exist, Inc. v. Woodland Trading Inc.,* 14-61354-CIV, 2015 WL 881407, at *2 (S.D. Fla. 2015) (citing *Fraser v. Smith,* 594 F.3d 842, 850 (11th Cir.2010)).

Here, through its website, Defendant sold allegedly infringing goods to consumers in Florida, violating Plaintiff's trademarks. There is a direct causal relationship between Defendant, Plaintiff, and Florida. *Roof & Rack Products, Inc. v. GYB Inv'rs, LLC,* 13-80575-CV, 2014 WL 3116413, at *3 (S.D. Fla. 2014) ("[W]hen a plaintiff claims a defendant infringes its trademark by posting the infringing marks on the defendant's website, and the defendant's contacts with the forum state are that its website is accessible there, the plaintiff's claims arise out of or relate to the defendant's contacts with the forum state."); *see also Louis Vuitton Malletier*, 736 F.3d at 1356.

**b. Prong Two: Purposeful Availment**

Under the traditional minimum contacts test for purposeful availment, the plaintiff must prove that a defendant's contacts (1) are related to the plaintiff's cause of action, (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum, and (3) are such that the defendant should reasonably anticipate being haled into court in the forum. *Id.* at 1339. "In performing this analysis, the

4

Court must identify all contacts between a nonresident defendant and a forum state and ask whether, individually or collectively, those contacts satisfy these criteria. *Id* at 1339.[2]

Here, Defendant purposefully availed itself of the privileges of doing business within Florida. It operated a fully interactive website accessible in Florida and processed sales to Florida customers. *See id.* That only 3% of Defendant's sales of the alleged infringing product were sold to Florida customers does not free Defendant from Florida's jurisdiction. *See, e.g.*, *Hartoy Inc. v. Thompson*, 02-80454-CIV, 2003 WL 21468079, at *5 (S.D. Fla. 2003) (finding personal jurisdiction over nonresident despite the defendant's Florida sales only amounting to $325.00); *Renaissance Health Pub., LLC v. Resveratrol Partners, LLC,* 982 So. 2d 739, 740 (Fla. 4th DCA 2008) (finding personal jurisdiction over nonresident defendant despite its Florida purchases forming only 2.4% of its total sales). Because of its website and sales, Defendant could have reasonably anticipated being haled into a Florida court.[3]

### c. Prong Three: Fair Play and Substantial Justice

Because Plaintiff has met his burden under the first two prongs, it becomes Defendant's burden to "make a 'compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010); *see also Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). The factors relevant to this analysis include "the burden on the defendant, . . . the forum State's interest in adjudicating the dispute, . . . the plaintiff's interest in obtaining convenient and effective relief, . . . [and] the interstate judicial system's interest in obtaining the most efficient resolution of controversies[.]" *World-Wide*

---

[2] Some courts have applied an "effects test" to determine whether a defendant purposefully availed itself in intentional tort cases. *See Calder v. Jones,* 465 U.S. 783, 788 – 89 (1984). The test is an additional tool courts may use in intentional tort cases to analyze personal jurisdiction, but the test is not a replacement for the traditional minimum contacts test. *Louis Vuitton Malletier,* 736 F.3d at 1339. Because I find Defendant purposefully availed itself to Florida under the traditional minimum contacts test, we need not use the effects test here.

[3] Some courts have applied the "sliding scale" analysis set out in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119 (W.D. Pa.1997) to conclude whether there was purposeful availment in cases where jurisdiction may arise based on a website. The analysis is unnecessary in this case since the website's existence alone was not Defendant's sole contact, as it conducted actual sales in Florida. Even if the "sliding scale" model was used, the website would be on the "active" end of the spectrum and personal jurisdiction would be proper.

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

Here, litigating in Florida is a burden on Defendant. Defendant's principal place of business is in Ohio, not Florida. In fact, Defendant does not have any offices in Florida. Further, I do not believe Florida has an overriding interest in resolving this dispute. Plaintiff's six-count Complaint consists of only two Florida state law claims. Likewise, neither Plaintiff nor Defendant is a resident of Florida. In addition, while Plaintiff does have an interest in obtaining convenient and effective relief, as does the judicial system, a federal district court in Ohio could competently adjudicate these claims just as well. The Plaintiff does not reside in Florida, so trying a case in either Florida or Ohio does not appear to make a difference to his level of convenience.

Nonetheless, there is some question about the vitality of the fair play and substantial justice analysis, and whether dismissal is warranted on the third prong alone. *See Kidston v. Res. Planning Corp.*, No. 2:11-CV-2036-PMD, 2011 WL 6115293, at *3 (D.S.C. Dec. 8, 2011) (After [*J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011)], the relevance of fairness as part of the jurisdictional inquiry is unclear."). The issues I have raised under this prong are more properly resolved under the venue inquiry.

B.    Venue

As previously stated, venue is proper in a judicial district where a defendant resides, or in a judicial district where a substantial part of the events giving rise to the cause of action occurred. 28 U.S.C. § 1391(b)(1) – (2). A defendant resides in any district in which it is subject to personal jurisdiction. *Id.* § 1391(c)(2). Because I have already found that Defendant is an entity likely subject to this district's personal jurisdiction, venue here is proper. 28 U.S.C. § 1391(b)(1).

Nevertheless, a district court may transfer a case in the interests of justice. 28 U.S.C. § 1404(a). To do so, a court must first determine whether the action could have been brought in the venue where transfer is sought. *Carucel Investments, L.P. v. Novatel Wireless, Inc.*, 15-CV-61116, 2016 WL 368355, at *2 (S.D. Fla. 2016). I find this case could have been brought in the U.S. District Court for the Northern District of Ohio for two reasons. First, a substantial part of the events giving rise to Plaintiff's claim occurred there, so venue would be proper under 28 U.S.C. § 1391(b)(2). Second, because Defendant's principal place of

6

business is in Ohio, subjecting it to the state's jurisdiction, venue would be proper under 28 U.S.C. § 1391(b)(1).

The next step of the Section 1404(a) analysis assesses whether venue would be more appropriate in the district where transfer is sought. In making this determination, courts account for a number of public and private factors, including:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 (11th Cir. 2005).

Normally, "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir.1996). But when a plaintiff chooses a forum that is not its home forum, only minimal deference to its choice is required. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255 – 56 (1981); *Cellularvision Tech. & Telecomms., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007). Also, "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Carucel Investments, L.P. v. Novatel Wireless,* Inc., 15-CV-61116, 2016 WL 368355, at *4 (S.D. Fla. 2016) (quoting *Motorola Mobility, Inc. v. Microsoft Corp.,* 804 F. Supp. 2d 1276, 1276 (S.D. Fla. 2011)). District courts have granted motions to transfer venue in intellectual property cases when the plaintiff has chosen a forum that is not the "center of gravity of the accused activity." *Carucel Investments*, WL 368355 at *4 (quoting *Trace–Wilco, Inc., v. Symantec Corp.,* 2009 WL 455432, at *23 (S.D.Fla. Feb. 23, 2009)).

Two dimensions of this case, related to factors three and four of the Section 1404(a) analysis, entitle Plaintiff's choice of forum to minimal deference—Plaintiff is not a resident of Florida, and the center of gravity of the accused activity did not occur in Florida. Instead, the locus of operative facts occurred in Ohio, where all of Defendant's business operations, including website management, were conducted. *See Corioliss, Ltd. v. Corioliss USA, Inc.,* 08-

21579-CV, 2008 WL 4272746, at *2 (S.D. Fla. 2008) (granting motion to transfer from venue where small percentage of sales occurred to venue where the defendant conducted most of its business operations); *see also Motorola Mobility,* 804 F. Supp. 2d at 1271 ("T]he 'center of gravity' for a patent infringement case is where the accused product was designed and developed."). There is also no evidence that litigating this case in Ohio would inconvenience Plaintiff any more than litigating this case in Florida. To be sure, Plaintiff has a business presence in Florida. But he does not appear to reside there, so the difference between traveling to either Ohio or Florida from, presumably, Germany is negligible. On the other hand, litigating this case in Florida may present an inconvenience for Defendant, as it has no physical presence in Florida through its operations or people.

Neither party has alleged specific facts regarding factors one, two, and five, but I find these factors also support transfer. Because Ohio is the center of gravity of the accused activity, many key witnesses and documents will likely reside in that state. A district court in Ohio, then, is better equipped to handle certain factual issues and disputes that may arise during the course of the litigation. Neither party alleges specific facts regarding the financial means of each party either (factor six), but Defendant appears to be a profitable company, while Plaintiff owns multiple companies and trademarks. Thus, the parties' means to fund the litigation and travel therein does not appear to be a significant issue here.

Transfer is also appropriate when examining the alternative forum's familiarity with the governing law, trial efficiency, and the interests of justice (factors seven through nine). As mentioned, of the six counts in Plaintiff's complaint, only two are state law claims.[4] With regard to the other four claims, the Northern District of Ohio would have the same familiarity with the governing law and could provide an equally efficient trial. Based on the totality of the circumstances—with the center of gravity in Ohio, key witnesses and documents likely in Ohio, and the lack of presence of both parties in Florida—the interests of justice favor transfer in this action.[5]

---

[4] Although venue may be proper for Defendant's state law claims, this Court does not have complete jurisdiction over them. The "interests of judicial economy and avoidance of piecemeal litigation preclude this Court from exercising pendent venue over the entire proceeding." *Vivant Pharm., LLC v. Clinical Formula, LLC,* 10-21537-CIV, 2011 WL 1303218, at *7 (S.D. Fla. 2011).

[5] Because I find that transfer is appropriate, I do not address Defendant's remaining

## IV. CONCLUSION

The Southern District of Florida in not the proper forum to adjudicate Plaintiff's claims. All of the alleged infringing products and people are located in Ohio. To deny transfer to the district would contravene the interests of justice. For the reasons explained above, it is **ORDERED and ADJUDGED** that Defendant The Hygenic Corporation's Motion to Transfer Venue (ECF No. 14) is **GRANTED**. This case is **DISMISSED** *without prejudice*. The Clerk shall take all necessary steps to **TRANSFER** this case to the Northern District of Ohio. All pending motions are **DENIED as** *moot*.

**DONE and ORDERED** in chambers at Miami, Florida, this 26th day of September 2016.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*

---

argument that Plaintiff failed to state a claim.

9